UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LESLIE POWELL CRAFT PAL,

     Plaintiff,

v.                                 Case No. 3:15cv579/LC/CJK

DOODIES, et al.,

     Defendants.

_____/

ORDER and
<u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se*, has filed a civil rights complaint on the form for use in actions arising under 28 U.S.C. § 1331 or § 1346, or  42 U.S.C. § 1983 (doc. 1), accompanied by a motion to proceed *in forma pauperis* (doc. 2).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).  After careful consideration, the undersigned concludes that this action should be dismissed for failure to state a claim on which relief may be granted.  Leave to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this action.

Plaintiff is a resident of Sarasota, Florida.  Plaintiff is suing "Doodies/Dudes" (whom plaintiff describes as military contractors located in Ohio, Colorado, Korea,

Germany and Czechoslovakia); "German Pfizer"; and "Any pharmaceutical co" located in Australia, claiming they have deprived her of various "rights" (for example, her right to privacy of her thoughts, her right to see and talk to family members, etc.). (Doc. 1, pp. 2-6).  As relief, plaintiff seeks damages and injunctive relief, including full-time regular employment, the assistance of an FBI agent in locating, seeing and talking to her family members, protection from stalking, and other requests.  (Doc. 1, p. 6).

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In applying this standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged

approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009))).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim.  *Id.*  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible."  *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

Plaintiff's allegations, which are illogical and mostly incomprehensible, refer to "family issues" of plaintiff not being allowed contact with her family members and former spouse; plaintiff's being homeless; plaintiff's being drugged with male hormones and narcotics by operatives of the Marine Corps; plaintiff's thoughts being accessed by foreigners; and other equally delusional complaints. (Doc. 1, pp. 3-4). The complaint provides no factual content or context from which the court  may reasonably infer that the unknown, vaguely described defendants have violated any right secured by federal law.  As plaintiff's complaint fails to state–or even suggest– a claim on which relief can be granted in this federal court, and as the deficiencies cannot be cured by amendment, dismissal is appropriate.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 12th day of January, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.